■ BROOKLYN EASTERN DISTRICT TERMINAL, Respondent, v. PHOENIX OF HARTFORD INSURANCE COMPANY, Appellant.— In a declaratory judgment action, in which plaintiff seeks to be declared an additional insured under the terms of an automobile liability policy issued by defendant to a third party, defendant appeals from an order of the Supreme Court, Kings County, entered July 7, 1965, which denied its motion for summary judgment. Order reversed, and motion granted, with $10 costs and disbursements. In our opinion, the documents offered by plaintiff in opposition to the motion for summary judgment were insufficient to show the existence of an issue of fact (CPLR 3212, subd. [b]). The question remains, however, whether defendant was entitled to the summary relief sought, i.e., whether the accident giving rise to the personal injury action (which action in turn precipitated the instant litigation) comes within the "loading and unloading" provision of the automobile liability policy. The plaintiff in the personal injury action, Alfonso Perfido, was injured when he slipped from a truck which he was loading at a warehouse in Brooklyn leased to plaintiff herein. Perfido alleged in his complaint and bill of particulars that the accident was caused solely by the negligence of plaintiff herein in permitting grease to accumulate on a loading platform on the premises, which rendered the platform slippery and dangerous. There was no allegation of negligence in the actual loading or unloading of the truck. (See *Everlast Sporting Goods Mfg. Co.* v. *Aetna Ins. Co.*, 23 A D 2d 641.) It is true that the accident, as alleged, occurred *during* the loading process but it was not the

result of any act or omission incident thereto. The accident was one that could have happened to anyone who walked from the grease-covered platform to the truck, whether or not he was engaged in the loading process, i.e., it did not arise out of the "complete operation" of moving goods to or from the truck. Accordingly, we hold that plaintiff is not covered under the terms of the policy (*Cosmopolitan Mut. Ins. Co.* v. *Baltimore & Ohio R. R. Co.*, 18 A D 2d 460; see *Employers Mut. Liab. Ins. Co.* v. *Aetna Cas. & Sur. Co.*, 7 A D 2d 853). Brennan, Hill and Hopkins, JJ., concur; Christ, Acting P. J., and Rabin, J., dissent and vote to affirm the order, with the following memorandum by Christ, Acting P. J., in which Rabin, J., concurs: Unlike *Cosmopolitan Mut. Ins. Co.* v. *Baltimore & Ohio R. R. Co.* (18 A D 2d 460), the accident in this case actually occurred on the truck which was being loaded from a warehouse platform. This truck was covered by the insurance policy in question. The alleged cause of the accident was grease located on the loading platform; some of it adhered to the shoes of the injured man who slipped and fell from the truck. However, it is a forced and wholly unreal result to say, as the majority does, that the accident "did not arise out of the 'complete operation' of moving goods to and from the truck." A trial is required to determine the fact questions which will resolve whether plaintiff is an "additional insured" under the policy, which gives liability protection to activities arising out of the ownership, operation and use of the truck, "includ[ing] the loading and unloading thereof."